* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Rideout with minor modifications.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. This matter is before the Commission on defendant's Motion to Dismiss With Prejudice.
2. Specifically, defendant alleges Carver did not provide an affidavit from a doctor or medical expert pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure with his Tort Claim Affidavit.
3. NCDOC moved to dismiss Carver's claim for failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
4. During the hearing before the Deputy Commissioner and in his Tort Claim Affidavit filed with the North Carolina Industrial Commission, plaintiff stated medical negligence in NCDOC's treatment of injuries he received while on prison work detail.
5. On August 3, 2007, the Deputy Commissioner filed an Interlocutory Decision and Order stating that Plaintiff shall have one hundred and twenty days to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure by securing an affidavit from a medical expert who has reviewed plaintiff's claim and is willing to testify that the physician operating on plaintiff breached the applicable standard of care. The Interlocutory Decision and Order provided that should Plaintiff fail to provide such letter or affidavit from a doctor or medical expert within the time permitted, Plaintiff's civil action would be dismissed.
6. Upon review of Plaintiff's file, the Full Commission finds that Plaintiff has failed to provide such affidavit to the Industrial Commission.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following: *Page 3 
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12
shall be dismissed unless:
 a. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 b. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 c. The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur."
3. Plaintiff has not provided an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure within the time permitted by the Interlocutory Decision and Order filed on August 3, 2007, and the claim for medical negligence does not meet any of the exceptions for an affidavit. *Page 4 
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis. This 28th day of July 2008.
S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1